# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2013

No. 12-50291
Summary Calendar

Lyle W. Cayce
Clerk

TEXAS MEDICAL PROVIDERS PERFORMING ABORTION SERVICES, doing business as Reproductive Services of San Antonio, a class represented by Metropolitan OBGYN, P.A.; on behalf of itself and its patients seeking abortions; ALAN BRAID, on behalf of himself and his patients seeking abortions,

Plaintiffs-Appellees

v.

DAVID LAKEY, Commissioner of the Texas Department of State Health Services, in his official capacity; MARI ROBINSON, Executive Director of the Texas Medical Board, in her official capacity,

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CV-486

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Pursuant to this panel's order that all subsequent appeals in this litigation be referred to us, the State of Texas here challenges the district court's denial of its motion to recover about $60,000 in attorneys' fees from the appellee abortion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

providers.  This panel has already upheld against the appellees the critical features of the State's new regulatory efforts concerning abortion clinics.  *Tex. Med. Prov. Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 572 (5th Cir. 2012).  Finding no abuse of discretion, we affirm.

About $2,500 of this amount is sought only on the basis of 42 U.S.C. § 1988(b), which allows a prevailing defendant in a civil rights case to recover attorneys' fees if the plaintiffs' claims were "frivolous, unreasonable, or without foundation."  *Fox v Vice*, 131 S. Ct. 2205, 2213 (2011) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S. Ct. 694, 700 (1978)).  The State tries to demonstrate that most of the appellees' vagueness challenges to the new regulations met this test, and indeed, the trial court earlier explained that many of these claims did not have "arguable merit or otherwise warrant discussion."  In its opinion on the motion for attorneys' fees, however, the court did not find these claims frivolous, unreasonable, or without foundation.  The court is correct.  Lack of merit does not equate to frivolity, etc., according to the admittedly asymmetrical reasoning that underlies courts' reluctance to shift fees against civil rights plaintiffs.[1]

As we read the State's briefs, the bulk of the attorneys' fee request (about $58,000) is sought principally pursuant to the courts' inherent power to sanction willful abuses of the judicial process.  *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766-67, 100 S. Ct. 2455, 2464 (1980).  The abuse here alleged consists of counsel's statements that they dismissed several remaining challenges to the Texas regulations following the decision by this court precisely because of the identity of the panel that would hear future appeals.  Thus, appellees could allegedly refile a case to raise the same claims and engage in "panel shopping."  Yet the State accuses counsel of no bad faith, and the district court found their

---

[1] The State also asserts that because appellees had no right to raise third-party constitutional claims, the withdrawn claims were groundless and frivolous according to § 1988, but this argument was not raised in the trial court and is waived.

strategy realistic and in good faith.  The short answer to this charge is that if courts treated as a willful abuse of process every self-serving statement of counsel at the expense of a judge or judges, there would be no end to sanctions motions.  The voluntary dismissal of appellees' additional weak claims was allowed by the Federal Rules and was not appealed by the State in an effort to seek conditions.  *See* Fed R. Civ. P. 41(a)(2).  The State cites no similar precedent to justify the relief it seeks.

The district court's judgment denying attorneys' fees from appellees is therefore **AFFIRMED**.